DEARIE, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLIANCE OF SOUTH ASIAN AMERICAN LABOR, CHHAYA COMMUNITY DEVELOPMENT CORPORATION, and NADIRA KHANAM, <br><br> Plaintiffs, <br><br> v. <br><br> THE BOARD OF ELECTIONS IN THE CITY OF NEW YORK, <br><br> Defendant. | CIVIL ACTION NO. <br><br><br> COMPLAINT |

## COMPLAINT

Plaintiffs, the Alliance of South Asian American Labor ("ASAAL"), Chhaya Community Development Corporation ("Chhaya CDC") and Nadira Khanam (collectively, "Plaintiffs"), by their undersigned attorneys, allege for their Complaint against the Defendant named herein, as follows:

1.  Plaintiffs file this action seeking injunctive and declaratory relief pursuant to the Voting Rights Act of 1965's provisions requiring bilingual language assistance ("Section 203"), as amended, 42 U.S.C. § 1973aa-1a and 42 U.S.C. § 1983. Section 203 requires a covered jurisdiction to provide election information and assistance to limited English proficient voters so that those voters can effectively and fully participate in the electoral process.

2.  Queens County has been covered under Section 203 for Asian Indian language assistance since October 13, 2011 and is therefore required, among other things, to provide ballots in Bengali, an Asian Indian language. However, the Board of Elections in the City of New York (the "Board"), which is responsible for conducting elections in New York City, has,

in violation of its legal obligations, failed and refused to provide ballots translated into Bengali since that time and has further failed and refused: (a) to make an official public announcement or otherwise adequately confirm that ballots in Bengali will be available for the upcoming New York City mayoral elections, including the Mayoral and City Council Primary scheduled for September 10, 2013 (the "Mayoral Primary"), or any other future elections, despite having numerous opportunities to do so; (b) to establish a comprehensive compliance plan for the provision of election information and assistance to Asian Indian voters in Queens County, that would, among other things, provide meaningful confirmation that Bengali ballots will be available, despite having a compliance plan for other minority languages for which the Board is required to provide assistance; and (c) to allow community groups to assist in the effective provision of Asian Indian language assistance, which is something the Board does for other minority languages for which the Board is required to provide assistance. Further, the Board has failed to comply with past representations it made concerning ballots translated into Bengali and the provision of other Asian Indian language assistance in Queens County.

## JURISDICTION

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to this claim occurred in this District. The Board is subject to personal jurisdiction in this District.

## PARTIES

5. Plaintiff Nadira Khanam is an Asian Indian American who resides and is domiciled in Queens County and is registered to vote in Queens County. Ms. Khanam's proficiency in English is limited, so she is unable to vote without Bengali language assistance.

Ms. Khanam desires to participate in the electoral process, including in the upcoming Mayoral Primary and in subsequent elections held thereafter. She is proficient in Bengali. The Board's failure to provide ballots translated into Bengali has caused, and will continue to cause if not corrected, injury to Ms. Khanam.

6. Plaintiff ASAAL is a not-for-profit membership organization, founded in 2008 to assist Asian Indian and other South Asian workers in the trade union movement and to improve the economic and social well-being of Asian Indian and other South Asian workers. As part of its mission, ASAAL promotes civic participation among Asian Indian and other South Asian Americans, including by advocating voter registration and educating its members about the voting process. ASAAL has approximately 60 or 70 members in its Queens County chapter. All of ASAAL's Queens County chapter members are Asian Indian or South Asian.

7. The Board's failure to comply with its legal obligations under Section 203 has caused, and will continue to cause unless remedied, ASAAL to suffer legally cognizable injury. Many of ASAAL's Queens County chapter members will not be able to effectively or fully participate in the election process without ballots being translated into Bengali. Furthermore, the absence of ballots translated into Bengali in Queens County has already required and will require ASAAL to expend its limited funds and other resources to educate its members and other Asian Indian American voters in Queens County on how to vote—including instructions on what the ballot will look like and how to identify on the ballot important information such as a candidate's name, office sought and political party affiliation—as well as provide other assistance in connection with upcoming elections. These efforts would be unnecessary, and the expenses not incurred, if the Board were to comply with its legal obligations to provide election information and assistance in Queens County.

8. Plaintiff Chhaya CDC is a community-based not-for-profit membership organization, focused on improving access to housing opportunities, resources, and information for Asian Indian and other South Asian Americans throughout New York City and the metropolitan area. As part of its mission, Chhaya CDC creates more stable and sustainable communities by increasing civic participation and addressing the housing and community development needs of New York's Asian Indians and other South Asians, new immigrants, and their neighbors, and by advocating voter registration and educating its members about the voting process, including through voter registration drives. All of Chhaya CDC's services are offered in Bengali, English, Hindi, and Urdu. Most of Chhaya CDC's Queens County constituents are Asian Indian or South Asian. Chhaya CDC is headquartered in Queens County.

9. The Board's failure to comply with its legal obligations under Section 203 has caused, and will continue to cause unless remedied, Chhaya CDC to suffer legally cognizable injury. Many of Chhaya CDC's Queens County chapter members will not be able to effectively or fully participate in the election process without ballots being translated into Bengali. Furthermore, the absence of ballots translated into Bengali in Queens County has already required and will require Chhaya CDC to expend its limited funds and other resources to educate its members and other Asian Indian American voters in Queens County on how to vote—including instructions on what the ballot will look like and how to identify on the ballot important information such as a candidate's name, office sought and political party affiliation—as well as provide other assistance in connection with upcoming elections. These efforts would be unnecessary, and the expenses not incurred, if the Board were to comply with its legal obligation to provide election information and assistance in Queens County.

4

10. Defendant Board of Elections in the City of New York (the "Board") is an administrative body organized pursuant to New York State Election Law § 3-200. The Board consists of ten Commissioners, two from each of the five boroughs of New York City, appointed by the New York City Council upon recommendation by both political parties. The Board has an office in this District located in Queens County at 126-06 Queens Boulevard, Kew Gardens, New York 11415.

11. The Board is responsible for conducting elections from the local to federal levels in New York City, including in Queens County. This responsibility includes, among other things: voter registration, outreach and processing; voter education, notification and dissemination of election information; ensuring each voter their right to vote at the polls or by absentee ballot; preparing ballots and other election-related materials; operating poll site locations; and canvassing and certifying the vote.

## FACTUAL ALLEGATIONS

### The Requirements of the Voting Rights Act

12. Section 203 of the Voting Rights Act of 1965, as amended, sets forth the bilingual language assistance requirements for covered jurisdictions. A jurisdiction is covered under Section 203 if the Director of the Census Bureau (the "Director") determines that: (a) more than 5 percent or 10,000 or more of the citizens of voting age of the jurisdiction are members of a single language minority and are limited-English proficient, and (b) the illiteracy rate of the citizens in the language minority as a group is higher than the national illiteracy rate. *See* 42 U.S.C.A. § 1973aa-1a(b)(2)(A).

13. On October 13, 2011, the Director designated Queens County as a covered jurisdiction for Asian Indian language assistance based on the 2010 Census. *See* 76 Fed. Reg.

63602, 63605 (Oct. 13, 2011). The bilingual language assistance requirements of Section 203 became effective on Queens County on that day. *See* 42 U.S.C. § 1973aa-1a(b)(4); 28 C.F.R. § 55.4(a)(2). The Director's determination that Queens County is covered by Section 203 is final and "not subject to review in any court." *See* 42 U.S.C. § 1973aa-1a(b)(4).

14. Because Queens County is subject to the requirements of Section 203, "any registration or voting notice, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots" that the Board provides in English must also be provided in an Asian Indian language. *See* 42 U.S.C. § 1973aa-1a. On April 10, 2012, the Board selected Bengali as the Asian Indian language in which it would provide translated written materials, including ballots, in Queens County, pursuant to 28 C.F.R. 55.12(b). Under the mandates of Section 203, the Board is therefore required to provide ballots translated into Bengali for elections in Queens County.

15. According to the regulations interpreting Section 203, translated "materials and assistance should be provided in a way designed to allow members of applicable minority groups to be effectively informed of and participate effectively in voting-connected activities." *See* 28 C.F.R. § 55.2(1). The regulations also state: "Compliance with the requirements of section 4(f)(4) and section 203(c) is best measured by results. A jurisdiction is more likely to achieve compliance with these requirements if it has worked with the cooperation of and to the satisfaction of organizations representing members of the applicable language minority group." *See* 28 C.F.R. § 55.16.

### The Board Is in Violation of Section 203

16. The Board, however, has not provided ballots translated into Bengali as required by Section 203 for any of the four elections it has administered since Bengali was selected as the

US_ACTIVE:\44097175\18\99995.4502

Asian Indian language for written materials on April 10, 2012. Ballots in Bengali were not provided in Queens County for the April 24, 2012 Presidential Primary Election (the "Presidential Primary"), the June 26, 2012 Federal Primary Election (the "Congressional Primary"), the September 13, 2012 Primary for Local State Offices (the "Local Primary"), or the November 6, 2012 General Election (the "General Election").

17. Furthermore, although counsel for the Board has indicated to counsel for Plaintiffs that the Board intends to provide ballots translated into Bengali available for the Mayoral Primary and for future elections, the Board has failed and refused to make any official public announcement about or otherwise adequately confirm its plans, despite having numerous opportunities to do so. The Board previously gave verbal assurances to community groups that Bengali ballots would be provided for the November 2012 General Election, but they were not in fact provided.

18. In lieu of providing Bengali ballots, the Board has, for at least the last three elections it has administered (the June 2012 Congressional Primary, the September 2012 Local Primary, and the November 2012 General Election), attempted to provide language assistance in other forms. But this additional language assistance has not on its own adequately provided election information and assistance to Asian Indian voters in Queens County and does not comply with the Board's obligations under Section 203. And the Board has not provided all the assistance it said it would.

19. Meanwhile, the status of this additional language assistance for future elections is in jeopardy because the Board has failed and refused to adopt a comprehensive compliance plan for Asian Indian language assistance. A comprehensive compliance plan would detail all of the measures committed to by the Board for future elections in order to ensure that Asian Indian

7

American voters in Queens County are effectively informed of and participate effectively in voting-connected activities. The Board, which is also required under Section 203 to provide Chinese and Korean language election information and assistance in Queens County, has adopted a comprehensive compliance for those languages.

**The Board Did Not Provide Adequate Language Assistance for 2012 Elections**

20. For the June 2012 Congressional Primary, the language assistance offered by the Board was detailed in an interim compliance plan adopted by the Board on April 17, 2012. For the September 2012 Local Primary, the language assistance offered by the Board was detailed in an interim compliance plan adopted by the Board on August 21, 2012. Neither plan called for ballots translated into Bengali. In both plans, the Board committed that, among other things, Bengali and Hindi interpreters would be stationed at targeted poll sites in Queens County and signage translated into Bengali, including "Interpreter Available" signs and "Interpreter Available" tent cards would be displayed at targeted poll sites in Queens County.

21. The Board was promptly made aware that, for both elections, it failed to provide even these forms of assistance to all Asian Indian American voters in Queens County who required them. Yet the problems persisted.

22. The Asian American Legal Defense and Education Fund ("AALDEF")—whose attorneys are co-counsel for Plaintiffs in this matter—monitored both the June 2012 Congressional Primary and the September 2012 Local Primary. AALDEF volunteers observed that, in addition to the fact that ballots translated into Bengali were not provided for either election, the translated signage, including "Interpreter Available" signs outside of the poll site and interpreter tent cards inside the poll site, was missing or not properly displayed at certain targeted poll sites, and that interpreters were not available at certain targeted poll sites. Many

8

Asian Indian American voters in Queens County were thus unable to receive the language assistance they needed during those elections. AALDEF detailed these observations in separate letters to the Board dated July 25, 2012 and September 19, 2012.

23. During the time before and leading up to the June 2012 Congressional Primary and the September 2012 Local Primary, the Board convened a working group as a means to discuss and receive input about Asian Indian language assistance from concerned community groups. The working group was comprised of several representatives from Asian Indian language minority groups that developed recommendations for the Board's Asian Indian language assistance program, along with staff officials from the Board. Community representatives included Plaintiffs Chhaya CDC and ASAAL as well as AALDEF. Six working group meetings were held between March 16 and August 22, 2012.

24. During the working group meetings, the Board gave verbal assurances that Bengali ballots would be ready for the November 2012 General Election.

25. However, during the final, August 22, 2012 working group meeting, the Board announced that Bengali ballots would not be provided for the November 2012 General Election.

26. On September 25, 2012, counsel for Plaintiffs wrote a letter to the Board demanding that Bengali ballots be available for the November 2012 General Election. The Board responded via letter on September 28, 2012, claiming that it was not technologically possible to have Bengali ballots available for the November 2012 General Election.

27. On October 3, 2012, counsel for Plaintiffs met with Board staff and counsel. The Board claimed that Bengali ballots for its electronic voting system could not be prepared and tested in time for the November 2012 General Election because of software delays. Counsel for Plaintiffs suggested that ballots could be manually translated and tested in advance of the

General Election. The Board claimed that such ballots might fail to scan properly; however, the Board acknowledged that it never even tested a ballot translated into Bengali to determine whether it would scan properly. The Board refused to even consider that option.

28. Instead, the Board proposed a number of language assistance measures it planned to take for the November 2012 General Election, short of full compliance with Section 203, including the provision of Bengali sample ballots, which voters can use as a reference but cannot use to cast their actual votes. The Board adopted an updated interim compliance plan on October 23, 2012 outlining these measures.

29. As with the June 2012 Congressional Primary and the September 2012 Local Primary, the Board did not fully and successfully implement these measures. Instead, the various measures provided by the Board proved to be confusing to Bengali-speaking voters with limited English proficiency.

### The Board Has Refused to Announce Its Plans for Asian Indian Language Assistance for Future Election

30. On April 9, 2013, the New York State Board of Elections certified upgrades to the Board's election software allowing for Bengali capability.

31. Since April 9, 2013, the Board has held at least nine Commissioners' Meetings. At none of those nine meetings was the issue of Bengali ballots or Asian Indian language assistance so much as discussed—much less that the Board offered any public indication of its intention to provide ballots in Bengali for upcoming elections.

32. Nor has the Board adopted a comprehensive compliance plan for Asian Indian language assistance, a failing which suggests that the Board has not committed to comply with its obligations under Section 203.

10

33. Instead, the last official, public word on the matter from the Board is an Interim Plan for Provision of Language Assistance to Designated Asian Indian Languages for State Primary & General Elections, 2012, adopted as revised by the Board on October 23, 2012. That document, which applied only to the November 2012 General Election, is silent on the question of ballots in Bengali, and ballots in Bengali were not provided for that election. As counsel for the Board has reiterated in communications with counsel for Plaintiffs, even as to the other forms of assistance committed to in that interim plan, the document has no binding effect on future elections.

34. Counsel for Plaintiffs spoke via telephone with counsel for the Board on April 24 and May 30, 2013. Counsel for the Board stated that the Board intended to provide Bengali ballots for the September 2013 Mayoral primary and elections thereafter. But counsel for the Board refused to commit that those intentions would be announced publicly or that the Board would adopt a comprehensive compliance plan.

35. Counsel for Plaintiffs subsequently corresponded via letter and email with counsel for the Board on June 17 and 18, 2013, seeking written assurance—in the form of a comprehensive compliance plan—that Bengali ballots would be available for the September 2013 Mayoral Primary. Counsel for Plaintiffs requested that a compliance plan similar to the Board's compliance plan for Chinese and Korean language assistance be adopted for Asian Indian language assistance.

36. Counsel for the Board informed counsel for Plaintiffs that the Board intends to provide Bengali ballots for the September 2013 Mayoral Primary and for future elections. In an email, counsel for the Board wrote that "Bengali WILL be on the ballots in the Primary Election,

the Primary Run-off Election, and the General Election this year (and in subsequent elections at targeted poll sites) regardless of the equipment utilized at each such election."

37. However, in subsequent emails, counsel for the Board maintained the Board's refusal to make its intentions public; refused to commit to issuing a comprehensive compliance plan for Asian Indian language assistance, like the plan the Board has issued for Chinese and Korean language assistance; and refused to answer questions about the scope of the Board's intentions for Section 203 compliance for upcoming elections, including whether various elements of assistance committed to in the October 23, 2012 interim compliance plan—hiring Bengali and Hindi translators for targeted poll sites, training or re-training poll site coordinators in the provision of language assistance to Asian Indian voters, and election-day monitoring of Asian Indian language assistance provision—would be continued.

38. Further, in communications with counsel for Plaintiffs, the Board has refused to re-convene the Asian Indian language assistance working group despite the Board's inability to effectively provide election information and assistance for past elections.

39. The Board's failure to provide Asian Indian language election information and assistance to limited English proficient Asian Indian Americans in Queens County is in violation of Section 203 and has caused and will cause injury to each of the Plaintiffs as detailed above, unless remedied.

## FIRST CAUSE OF ACTION

40. Plaintiffs hereby reallege and incorporate paragraphs 1 through 39, as if fully set forth herein.

41. This is a claim for a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. for the purpose of determining a question of actual controversy between the parties and to declare the legal rights between them.

42. Defendant has failed to provide Asian Indian language election information and assistance to limited English proficient Asian Indian Americans in Queens County. Defendant's failure constitutes a violation of 42 U.S.C. § 1973aa-1a and 42 U.S.C. § 1983.

43. An actual, present, and justiciable controversy exists between the parties concerning Defendant's obligation under 42 U.S.C. § 1973aa-1a and 42 U.S.C. § 1983 to: (a) provide ballots translated into Bengali, including for the last four elections administered by the Board; (b) make an official public announcement or otherwise adequately confirm that ballots in Bengali will be available; (c) implement a compliance plan for Asian Indian language assistance; and (d) allow community groups to assist in the effective provision of Asian Indian language assistance.

44. Plaintiffs are entitled to a declaratory judgment from this Court pursuant to 28 U.S.C. § 2201 that Defendant is in violation of 42 U.S.C. § 1973aa-1a and 42 U.S.C. § 1983 because it has failed and refused to provide Asian Indian language election information and assistance to limited English proficient Asian Indian Americans in Queens County and that the Board is obligated to do so for all future elections.

## SECOND CAUSE OF ACTION

45. Plaintiffs hereby reallege and incorporate paragraphs 1 through 44, as if fully set forth herein.

46. Defendant's failure to provide Asian Indian language election information and assistance to limited English proficient Asian Indian Americans in Queens County constitutes a violation of 42 U.S.C. § 1973aa-1a and 42 U.S.C. § 1983.

47. By violating Section 203 of the Voting Rights Act as set forth above, Defendant has injured each of the Plaintiffs and threatens continued or future injury of each of the Plaintiffs.

48. Plaintiffs are entitled to a permanent injunction requiring Defendant to provide Asian Indian language election information and assistance to limited English proficient Asian Indian Americans in Queens County for all future elections by, among other things: (a) requiring Defendant to provide ballots translated into Bengali; (b) requiring Defendant to make an official public announcement or otherwise adequately confirm that ballots in Bengali will be available; (c) requiring Defendant to implement a compliance plan for Asian Indian language assistance; and (d) requiring Defendant to allow community groups to assist in the effective provision of Asian Indian language assistance.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter an order:

1) Declaring that Defendant has failed to provide Asian Indian language election information and assistance to limited English proficient Asian Indian Americans in Queens County in violation of Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a;

2) Declaring that Defendant is required to provide Asian Indian language election information and assistance to limited English proficient Asian Indian Americans in Queens County as required by Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a, including that

   a. Defendant is required to provide ballots translated into Bengali;

   b. Defendant is required to make an official public announcement or otherwise adequately confirm that ballots in Bengali will be available;

   c. Defendant is required to implement a compliance plan for Asian Indian language assistance; and

   d. Defendant is required to allow community groups to assist in the effective provision of Asian Indian language assistance.

3) Requiring Defendant to provide Asian Indian language election information and assistance to limited English proficient Asian Indian Americans in Queens County as required by Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a, including:

   a. Requiring Defendant to provide ballots translated into Bengali;

   b. Requiring Defendant to make an official public announcement or otherwise adequately confirm that ballots in Bengali will be available;

   c. Requiring Defendant to implement a compliance plan for Asian Indian language assistance; and

   d. Requiring Defendant to allow community groups to assist in the effective provision of Asian Indian language assistance;

US_ACTIVE:\44097175\18\99995.4502

4) Requiring Defendant to take all such actions as will ensure that limited English proficient Asian Indian Americans in Queens County are effectively informed of and able to participate effectively in all phases of the electoral process in compliance with Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a;

5) Awarding Plaintiffs the costs and disbursements associated with the filing and maintenance of this action together with their reasonable attorneys' fees, pursuant to 42 U.S.C. §§ 1973(e) and 1988; and

6) Granting Plaintiffs such other equitable and further relief as this Court deems just and proper.

Dated: July 2, 2013
New York, New York

WEIL, GOTSHAL & MANGES LLP

By: _____
Seth Goodchild
Devin M. Cain
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*and*

ASIAN AMERICAN LEGAL DEFENSE AND
EDUCATION FUND
Kenneth Kimerling
Glenn D. Magpantay
Jerry G. Vattamala
99 Hudson Street, 12th floor
New York, New York 10013-2815
(212) 966-5932

*Attorneys for Plaintiffs*